**James S. Davis,** OSB# 982070
P.O. BOX 7399
Salem, OR 97303
Telephone: (503)363-8661
Facsimile: (503)363-8681
Attorneys for Plaintiff

# ORIGINAL

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

| | |
|---|---|
| TRINIDAD ZAVALA,<br><br>        Plaintiff,<br><br>   v.<br><br>WILLIAM AMES CURTRIGHT, AMES<br><br>RESEARCH LABORATORIES,<br><br>       Defendants. | ) **Case No.**<br>)<br>) **COMPLAINT: NONPAYMENT OF WAGES AND**<br>) **VIOLATION OF FEDERAL MINIMUM WAGE**<br>) **LAW 29 U.S.C. § 201; VOLATION OF**<br>) **TVPRA 18 U.S.C. § 1589 FORCED**<br>) **LABOR;**<br>)<br>) **DEMAND FOR JURY TRIAL**<br>)<br>)<br>)<br>) |

### PRELIMINARY STATEMENT

1.   Trinidad Zavala ("Plaintiff") brings this action against William

Ames Curtright and Ames Research Laboratories ("Defendants") under the

Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.,

for unpaid wages, 18 U.S.C. § 1595 acts of forced labor, 42 U.S.C. §

2000e and ORS 659A.030 racial and national origin discrimination.

Plaintiff seeks wages due to him under 29 U.S.C. §§ 206, 207, 216(b),

liquidated damages for failure to pay wages under 29 U.S.C. § 216(b),

damages under 18 U.S.C. § 1595, 42 U.S.C. § 2000e and ORS 659A.030 and

all other damages allowable by law.

COMPLAINT - 1

## JURISDICTION

2.  Jurisdiction for minimum wage claims exists under the FLSA, 29 U.S.C. § 216(b). Jurisdiction also exists under 28 U.S.C. § 1337 for claims arising under a federal statute regulating commerce.

## PARTIES

3.  Plaintiff was employed by William Ames Curtright and Ames Research Laboratories.

4.  Plaintiff, Trinidad Zavala, is a resident of Oregon.

5.  Defendant, Ames Research Laboratories is a business in the State of Oregon and employs more than 15 people.

6. Defendant William Ames Curtright is the owner and CEO of Ames Research Laboratories.

## FACTS

7.  Defendant William Ames Curtright (Curtright) is the owner of Ames Research Laboratories. Although incorporated, Curtright uses this business and its assets as his own by paying for personal care and services to Curtright and his family members.

8.  On or about October 1, 2005, Curtright hired Plaintiff to work at Ames Research Laboratories. In early 2006, Curtright terminated Plaintiff's employment because he felt that it would affect his campaign for Governor if information was made public that he was employing an undocumented person.

9.  In September of 2006, after the campaign for Governor ended in a loss, Curtright re-hired Plaintiff to work at Ames Research Laboratories. Plaintiff's wife, Monica Garcia (Ms. Garcia), was also hired to clean Curtright's home, properties, and factory.

COMPLAINT - 2

9. In July of 2007, Curtright's mother (Ms. Theiman) started to progress with Alzheimer's and Curtright requested Plaintiff's wife, Ms. Garcia, to care for his mother in addition to cleaning his home, properties, and factory.  Ms. Garcia would care for Curtright's mother 6 days a week.

10. In April of 2008, Ms. Theiman's Alzheimer's progressed and she required 24 hour care. Curtright removed her from his home and placed her in two independent living facilities; one in Albany Oregon, then in Salem Oregon.  Due to Ms. Theiman's condition, she was unable to live in an independent care facility and Curtright was told she had to move or pay for additional care services.

11. Not wanting to pay for care of his mother, under threats of deportation, Curtright forced Plaintiff and his family to care for Curtright's mother 24 hours a day in their home. Curtright forced Plaintiff to move his youngest child out of his bedroom to sleep on the living room floor so that the child's room could be used for the care of Ms. Theiman.

12. Plaintiff worked 8 hours a day at Ames Research Laboratories, then would come home and was required to assist Ms. Garcia in caring for Curtright's mother for 5-6 hours in the evening. Plaintiff would assist in tasks such as feeding, cleaning, and bathing Ms. Theiman, as well as relieving Ms. Garcia.

13.  When Plaintiff complained, Curtright informed Plaintiff that he was aware that he was not an American citizen and that if he did not comply, he would have Plaintiff and his family deported. Curtright made it clear that he was politically connected, had been a candidate

JAMES S DAVIS ATTORNEY AT LAW P.C
P.O. BOX 7399
SALEM, OR 97303
OFFICE (503)363-8661 FAX (503) 363-8681

for Governor, and had friends in government who would deport Plaintiff and his family.

14.  Curtright was aware of Plaintiff's immigration status because Plaintiff had worked for Curtright prior to his failed attempt to be elected Governor. When he entered the race for Governor, he meet with Plaintiff and told him that he had to terminate his employment because if the information came out that he was employing illegal workers, it could hurt his campaign for Governor.

15.  Curtright, by use of threats of deportation, forced Plaintiff to move his mother into Plaintiff's home and care for Curtright's mother in his home in the evenings when he left Ames Research Laboratories. This was not required of other employees of Ames Research Laboratories.

16.  When Plaintiff and his family took trips or went on vacation, they were required to bring Curtright's mother with them. This was not required of other employees of Ames Research Laboratories.

17.  Further evidence of Curtright's knowledge of Plaintiff's immigration status was shown in Plaintiff's position with Ames Research Laboratories. Plaintiff was treated differently than other employees. When they traveled with the company, he was not allowed to travel with the other employees. Plaintiff was told that if he was stopped because of his immigration status, he was not to tell them he worked for Ames Research Laboratories.

18.  Plaintiff was not given raises the same as other employees and was always treated as the lowest person. Even when new hires started working for the company, Plaintiff was not treated as a senior employee.

COMPLAINT - 4

19. Curtright made discriminatory comments about Plaintiff in front of other employees. Comments included remarks about Plaintiff's method of entry into the United States – whether he walked across the border or was in a truck, and how he planned to fly to Mexico to visit his family if he would get handcuffed and deported at the airport.

20. Curtright used his businesses, Ames Properties, LLC and Ames Research Laboratories, to pay for the private care of his mother, his home, and family. This use of business proceeds was for his personal use and family use.

21. Defendants have also failed to pay the minimum wage of $8.40 per hour as required by Oregon Law.

22. Plaintiff has made a demand for the unpaid wages.

### FIRST CLAIM - VIOLATION of FLSA

23. Plaintiff realleges paragraphs 1-22.

24. Under 29 U.S.C. § 206, Defendants are required to pay Plaintiff the federal minimum wage.

25. Under 29 U.S.C. § 207, Defendants are required to pay Plaintiff time and a half for time worked in excess of forty hours per week. Since over 20% of Plaintiff's hours worked were not caretaker duties for Curtright's mother, Plaintiff is not exempt from FLSA's requirement to pay overtime wages per 29 C.F.R. 552.6. Plaintiff was forced to perform 5-6 hours of caretaking duties at his home in the evenings for Curtright on top of working 40 hours a week at Ames Research Laboratories.

26. Under 29 U.S.C § 216(b), Defendants owe Plaintiff unpaid wages in the amount of $78,624.00 and an amount equal to the unpaid wages as liquidated damages.

COMPLAINT - 5

27. Plaintiff is entitled to costs and reasonable attorney fees, in an amount to be determined at trial, pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM - VIOLATION OF 18 U.S.C. § 1589

28. Plaintiff realleges paragraphs 1-27.

29. Under 18 U.S.C § 1589, whoever knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means, 1) by means of force, threats of force,…; 3) by means of the abuse or threatened abuse of law or legal process; or 4) by means of scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm….

30. Defendants, by the use of threats of harm and threatened abuse of law or legal process, forced Plaintiff to move Curtright's mother into his home and required Plaintiff to care for her 5-6 hours a day under threats of deportation of Plaintiff and his family. Plaintiff was required to assist Ms. Garcia in her care of Ms. Theiman when he came home from work in the evenings.

31. Under 18 U.S.C § 1595, Defendants owe Plaintiff unpaid wages in the amount of $78,624.00 plus statutory damages.

32. Plaintiff is entitled to costs and reasonable attorney fees, in an amount to be determined at trial, pursuant to 18 U.S.C. § 1595.

### THIRD CLAIM - VIOLATION OF 42 U.S.C. § 2000e

#### (Count 1 - Discrimination)

33. Plaintiff realleges paragraphs 1-32.

34. 42 U.S.C. § 20002-2(a) provides in relevant part: "it shall be an unlawful employment practice for an employer" to discharge an individual, "or otherwise to discriminate against any individual with

COMPLAINT - 6

respect to his compensation, terms, conditions, or privileges of employment because of such individuals race, color, religion, sex, or national origin . . .".

35. Plaintiff is Mexican.  Defendants employed Plaintiff during the time in question.  During the course of Plaintiff's employment with Defendant, Plaintiff suffered from discrimination based on his race, color, and national origin.  Incidents of discrimination committed by Defendant resulted in Plaintiff being denied compensation, and adversely affected Plaintiff's terms, conditions, and privileges of employment in violation of 42 U.S.C. § 2000e-2(a).

34.  Because of Plaintiff was Mexican, he was treated differently than other employees of Ames Research Laboratories; he was forced to travel separately from other employees and did not receive pay raises similar to other employees. Additionally, Curtright made discriminatory comments in front of other employees regarding Plaintiff's race and national origin. These remarks included questions about whether Plaintiff entered the U.S. by walking or in a truck, and how he intends to visit Mexico if he will be handcuffed and deported at the airport.

35. Defendants discriminated against Plaintiff in the terms, conditions, and privileges of his employment on the basis of his race, color, and national origin.  As a result of this discrimination, Plaintiff was denied compensation, and adversely affected Plaintiff's terms, conditions, and privileges of his employment. Curtright used Plaintiff's immigration status to his advantage when he threatened Plaintiff and his family with deportation if care was not provided in their home for Curtright's mother.

COMPLAINT - 7

36. As a result of Defendant's actions, Plaintiff has suffered economic damages in the amount of $78,624.00 and non-economic damages in the amount of $50,000. Plaintiff seeks recovery of all compensatory and punitive damages provided by law, in addition to equitable relief and reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

### (Count 2-Hostile Work Environment)

37. Plaintiff realleges paragraphs 1-36. During the course of Plaintiff's employment with Defendants, incidents of discrimination committed by Defendants resulted in Plaintiff being denied compensation, and adversely affected Plaintiff's terms, conditions, and privileges of his employment in violation of 42 U.S.C. § 2000e-2(a).

38. Defendants' actions of treating Plaintiff differently than other employees of Ames Research Laboratories, forcing him to travel separately from other employees, not receiving pay raises similar to other employees, and discriminatory comments in front of other employees regarding Plaintiff's entry into the United States. These remarks included questions about whether he entered the U.S. by walking or in a truck, and how he intends to visit Mexico if he will be handcuffed and deported at the airport, created a hostile work environment toward Plaintiff.

39. Defendants' hostile work environment and the actions of its employees, as provided in the paragraphs above, affected Plaintiff's ability to perform his job, and caused Plaintiff to suffer emotional distress in the performance of his job.

COMPLAINT - 8

40. Defendants' hostile work environment toward Plaintiff, because he is Mexican, constitutes a violation of 42 U.S.C. § 2000e-2(a) for which Plaintiff is entitled to relief.

41. As a result of Defendant's actions, Plaintiff has suffered economic damages in the amount of $78,624.00 and non-economic damages in the amount of $50,000.  Plaintiff seeks recovery of all compensatory and punitive damages provided by law, in addition to equitable relief and reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

### FOURTH CLAIM-STATE STATUTORY DISCRIMINATION

### (Count 1 – Discrimination)

42. Plaintiff realleges paragraphs 1-41.  According to ORS 659A.030(1)(a) and (b), it is an unlawful employment practice, "for an employer, because of an individual's race, religion, color, sex, national origin, marital status or age if the individual is 18 years of age or older, . . . to refuse to hire or employ or to bar or discharge from employment such individual [or] . . . to discriminate against such an individual in compensation or in terms, conditions, or privileges of employment."  Discrimination committed by Defendants' as alleged above, affected Plaintiff's employment opportunities, compensation, and terms, conditions and privileges of employment in violation of this statute.

43. Plaintiff suffered from discrimination because he was Mexican as described in the paragraphs above.  Defendants' adverse employment actions toward Plaintiff negatively affected his compensation, terms,

COMPLAINT - 9

conditions, and privileges of employment in violation of ORS 659A.030
(a) and (b).

44. As a result of Defendant's actions, Plaintiff has suffered
economic damages in the amount of $78,624.00 and non-economic damages
in an amount not less than $300,000.  Plaintiff seeks recovery of all
compensatory and punitive damages provided by law, in addition to
equitable relief and reasonable attorney fees and costs pursuant to
ORS 659A.885.

### (Count 2-Hostile Work Environment)

45. Plaintiff realleges paragraphs 1-44.  According to ORS
659A.030(1)(b), it is an unlawful employment practice, "for an
employer, because of an individual's race, religion, color, sex,
national origin, marital status or age if the individual is 18 years
of age or older, . . . to discriminate against such an individual in
compensation or in terms, conditions or privileges of employment."
Discrimination committed by Defendants affected Plaintiff's employment
opportunities and terms, conditions and privileges of employment in
violation of the statute.

46. Plaintiff suffered from discrimination in the form of a hostile
work environment based on his race, color, and national origin. The
facts as stated above and actions taken against Plaintiff because he
was Mexican, negatively affected Plaintiff's employment in violation
of ORS 659A.030(1)(b).

47. As a result of Defendant's actions, Plaintiff has suffered
economic damages in the amount of $78,624.00 and non-economic damages
in an amount not less than $300,000.  Plaintiff seeks recovery of all

compensatory and punitive damages provided by law, in addition to
equitable relief and reasonable attorney fees and costs pursuant to

### PRAYER FOR RELIEF

  WHEREFORE, Plaintiff requests the following for his claims for
relief:

1. For Plaintiff's First Claim for Relief against Defendants:

    A.   Declare that the Defendant violated the Fair Labor Standards
Act and applicable Oregon law by failing to pay wages as alleged;

    B.   Award of unpaid wages plus interest and liquidated damages
under 29 U.S.C § 216(b);

    C.   Award Plaintiff the cost and fees of maintaining this suit;

    D.   Grant such other relief as this Court deems just and proper.

2. For Plaintiff's Second Claim for Relief against Defendants:

    A.   Declare that the Defendants violated TVPRA 18 U.S.C. § 1589.

    B.   Award of unpaid wages and statutory damages plus interest under
         18 U.S.C § 1595;

    C.   Award Plaintiff the cost and fees of maintaining this suit;

    D.   Grant such other relief as this Court deems just and proper.

3. For Plaintiff's Third Claim for Relief against Defendants:

         Count 1: Plaintiff requests economic damages in the amount of
         $78,624.00, non-economic damages in the amount of $50,000,
         punitive damages and pursuant to 42 U.S.C. § 1988 , Plaintiff's
         reasonable attorney fees and costs incurred in this action.
         Count 2:  Plaintiff requests economic damages in the amount of
         $78,624.00, non-economic damages in the amount of $50,000,
         punitive damages and pursuant to 42 U.S.C. § 1988 , Plaintiff's
         reasonable attorney fees and costs incurred in this action.

COMPLAINT - 11

4. For Plaintiff's Fourth Claim for Relief against Defendants:

      Count 1: Plaintiff requests economic damages in the amount of $78,624.00, non-economic damages in the amount of $300,000, punitive damages and pursuant to ORS 659A.885, Plaintiff's reasonable attorney fees and costs incurred in this action.

      Count 2:  Plaintiff requests economic damages in the amount of $78,624.00, non-economic damages in the amount of $300,000, punitive damages and pursuant to ORS 659A.885, Plaintiff's reasonable attorney fees and costs incurred in this action.

DATED this 13th day of August, 2012.

      James S. Davis OSB#98207
      Attorneys for Plaintiff
      P.O. Box 7399
      Salem, Oregon 97303

COMPLAINT - 12