IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| TRINIDAD ZAVALA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:12-cv-1488-AA |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| WILLIAM AMES CURTRIGHT, AMES | ) | |
| RESEARCH LABORATORIES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

AIKEN, Chief Judge:

Plaintiff brings this action asserting claims for unpaid
wages, forced labor, and racial and national origin discrimination.

ALLEGATIONS

Plaintiff alleges as follows:

Defendant   William   Ames   Curtright   owns   Ames   Research

1 - OPINION AND ORDER

Laboratories and Curtright uses the business and its assets to pay for personal care and service for his family.

On October 1, 2005, defendant Curtright hired plaintiff to work at Ames Research Labs. Curtright terminated plaintiff in 2006 because Curtright worried of the effect of employing an illegal alien on Curtright's campaign for governor. After Curtright lost his campaign in September of 2006, he rehired plaintiff.

Also in September of 2006, Curtright hired plaintiff's wife, Monica Garcia, to clean Curtright's home, properties and factory. In 2007, Curtright asked Garcia to care for his mother, Ms. Theiman, who suffers from Alzheimer's disease.

In April of 2008, Theiman's disease progressed to the point of necessitating round-the-clock care. Curtright placed his mother in an independent care facility. However, the progression of Theiman's Alzheimer's required additional expense for care services. Accordingly, Curtright, under threat of deportation, required plaintiff and his family to care for Theiman in their home.

Plaintiff worked eight hours per day at Ames Research and then 5-6 hours in the evening assisting in the care of Theiman. When plaintiff complained, Curtright responded that he would have plaintiff deported if he did not comply.

Curtright treated plaintiff differently than other employees at the lab. Curtright made discriminatory comments about plaintiff

in front of other employees including comments about plaintiff's method of entry into the United States. Defendants failed to pay plaintiff the minimum wage of $8.40 per hour under Oregon law.

## DISCUSSION

Plaintiff's wife, Monica Garcia, has filed her own complaint against Curtright, Ames Research and also against Ames Properties, LLC. Garcia v. Curtright, Civil No. 6:11-6407. The court has dismissed Garcia's claim of Fair Labor Standards Act violation because her complaint, on its face, demonstrates that she is exempt from overtime pay as a care giver. The court also dismissed Garcia's claim of discrimination under 42 U.S.C. § 1981 because she provided no factual allegations to support threats based on race or national origin. The court did, however, allow her claim of forced labor to proceed.

Plaintiff here asserts that defendants violated the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 206 and 207, by failing to pay the minimum wage and overtime related to his time providing care taking duties in the evening.[1]  Plaintiff contends he is owed $78,624 in unpaid wages and an equal amount as liquidated damages under the FLSA.

---

[1]Plaintiff alleges that because he spent more than 20% of his time performing tasks unrelated to the care of Ms. Theiman, the exemption for care giving duties at 29 U.S.C. § 213(a)(15) does not apply under 29 C.F.R. § 552.6.

3 - OPINION AND ORDER

Plaintiff also alleges that defendants, by use of threats of harm and threatened abuse of the legal process, forced him to provide care giving services for Curtright's mother in violation of 18 U.S.C. § 1589. A civil remedy for forced labor is provided for under 18 U.S.C. § 1595, and plaintiff seeks $78,624 for the alleged forced labor.

Plaintiff alleges that defendants engaged in unlawful employment practices by discriminating against him because of his Mexican nationality and immigration status in violation of 42 U.S.C. § 2000e-2. Plaintiff seeks $78,624 in economic damages and $50,000 in non-economic damages for this alleged violation. Plaintiff similarly alleges discrimination under Or. Rev. Stat. § 659A.030(1).

Defendants move to dismiss all claims.[2]

---

[2]Defendants argue that plaintiff's response to the motion must be disregarded as untimely. Defendants served the motion through electronic means via CM/ECF on October 1, 2012. Plaintiff responded on October 18, 2012. Under Local Rule 7-1(e)(1), a party must respond within 14 days to a motion to dismiss after service. Under Fed. R. Civ. P. 6(a), all days except the day of service must be counted when computing the time period under the local rules. However, under Fed. R. Civ. P. 6(d), when service is made, among other methods, via electronic means, three days are added after the period would otherwise expire under Rule 6(a). Accordingly, with a service date via electronic means made on October 1, 2012, the due date for a response is October 18, 2012. Therefore, plaintiff timely responded and even if he had not, defendants suffered no prejudice and the court would still consider the response.

## A. Identity

Defendants first contend that plaintiff's forced labor and discrimination claims must be dismissed because of plaintiff's failure to provide his true identity. While there is authority to support dismissal as a sanction for pursuing a cause of action under a fictitious identity, see, e.g., Zocaras v. Castro, 465 F.3d 479 (11th Cir. 2006), there is insufficient reason to believe that plaintiff is proceeding under a false identity in this case to merit such a sanction at this stage.

In Zocaras, plaintiff filed more than thirty pleadings from the case's inception to trial. At trial, plaintiff conceded that he had not filed and proceeded in the case under his true name. Here, defendant argues that plaintiff presented falsified records demonstrating his citizenship status upon applying for a job with Ames Research Labs. In particular, defendants note that plaintiff presented a social security card and driver's license with the name Trinidad Zavala Guerrero. Plaintiff responds that the false documents relating to his citizenship status do not show his name is falsified. Plaintiff asserts that he is proceeding under his true name in this action and defendants concede that they don't know plaintiff's name to be false.[3]

---

[3]To the extent defendants seek to compel plaintiff to provide proof of identity, it is inappropriate to combine a discovery request with a separate motion to dismiss. The court expresses no opinion on the merits of a potential motion to compel or any resulting sanction for failure to comply if such motion is granted.

B. Claim Preclusion

Defendants argue that plaintiff is barred from litigating entitlement to overtime related to his alleged work as a care giver for Ms. Theiman.

Claim preclusion prohibits an action on any claims that were raised or could have been raised in a prior action when there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir.2002).

Defendants base this portion of their motion on the fact that this court has already determined that his wife's identical services as a care giver are exempt from the FLSA's minimum wage and overtime provisions under 29 U.S.C. § 213(a)(15). However, the court dismissed Monica Garcia's FLSA claim because it was implausible, given her allegation that she cared for Ms. Theiman in her own home 24 hours a day, that she could demonstrate she performed more than 20% of her time on other services for defendant Curtright. Plaintiff, in this case, alleges that he worked eight hours per day at Ames Research and then 5-6 hours in the evening assisting in the care of Theiman.

In determining whether successive claims constitute the same cause of action, courts consider (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the

6 - OPINION AND ORDER

same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. Int'l Union of Operating Engineers-Employers Const. Indus. Pension, Welfare and Training Trust Funds v. Karr, 994 F.2d 1426, 1429 (9th Cir. 1993). Here, the alleged facts are sufficiently dissimilar so as to prevent application of the doctrine of claim preclusion. Accordingly, defendants motion to dismiss plaintiff's FLSA claim, in its entirety on this basis, is denied.

## C.   Exemption of Care Giver Services Alone

Regardless of whether plaintiff was actually employed to provide care giver services for Ms. Theiman, such services are exempt from FLSA requirements.

The overtime and minimum wage provisions of the FLSA do not apply to "employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves." 29 U.S.C. § 213(a)(15).

> [T]he term companionship services shall mean those services which provide fellowship, care, and protection for a person who, because of advanced age or physical or mental infirmity, cannot care for his or her own needs. Such services may include household work related to the care of the aged or infirm person such as meal preparation, bed making, washing of clothes, and other similar services. They may also include the performance of general household work: Provided, however, That such work is incidental, i.e., does not exceed 20 percent of the total weekly hours worked.

7 - OPINION AND ORDER

29 C.F.R. § 552.6.

Plaintiff alleges that he worked 5-6 hours in the evening assisting in the care of Theiman in his own home. No plausible reading of the complaint could lead to a finding that plaintiff provided incidental household work related his alleged care of Theiman. Accordingly, to the extent plaintiff alleges FLSA violations related to this work, the claim is dismissed.

Because it is not clear if the complaint alleges failure to pay minimum wages or overtime related to plaintiff's work at the lab, the motion to dismiss plaintiff's FLSA claim is granted without prejudice. Plaintiff may amend his complaint to allege FLSA violations, if any, related to that work.

## D.  Failure to State A claim

### 1.  Defendant Curtright

For purposes of the forced labor and discrimination claims, plaintiff alleges that he was employed by both defendant Curtright and Ames Research Labs. It is not implausible that plaintiff worked for Ames Labs with respect to factory work and Curtright with respect to the care of Ms. Theiman. Issues of whether plaintiff was actually employed by either defendant with respect to the latter job duties, or whether Garcia alone was employed for such duties, are not appropriately resolved on a motion to dismiss.

However, the complaint does not plausibly state a claim

8 - OPINION AND ORDER

against Curtright individually as an employer with respect to the lab work. Plaintiff alleges that Ames Research Labs employed him for that job and that Ames Research Labs is a business in the state of Oregon with more than fifteen employees.[4] At best, plaintiff alleges defendant Curtright is an employer only for purposes of the care giver duties. The allegations only show that Curtright employed two people for purposes of providing care to his mother. As such, Curtright is not an "employer" for purposes of Title VII liability. 42 U.S.C. § 2000e(b) (requires fifteen or more employees). Moreover, Curtright cannot be individually liable for any discriminatory conduct allegedly suffered at the lab. See Miller v. Maxwell's International Inc., 991 F.2d 583 (9th Cir.1993) (employees cannot be held liable in their individual capacities under Title VII). Accordingly, the Title VII discrimination claim is dismissed against defendant Curtright.[5]

---

[4]Plaintiff alleges that Ames Research Labs is incorporated, but that Curtright uses the business and its assets as his own by paying for personal care and services to Curtright and his family members. This allegation is insufficient to plausibly demonstrate Curtright, individually, is the employer for purposes of the lab work.

[5]The discrimination claim under Oregon law does not include a limitation on the number of employees and therefore the lack of fifteen employees with respect to Curtright as an employer does not foreclose the state law claim. Or. Rev. St. 659A.001(4) (one or more employees).

## 2. Discrimination Claims

Defendants next contend that plaintiff could not have been discriminated against because he is barred from even being employed given the allegation that he is an illegal alien. Moreover, defendants argue that plaintiff's illegal status in this county is not a protected class. However, the complaint plausibly alleges discrimination based on national origin. Moreover, the court refuses to condone discriminatory conduct of an employer who allegedly knowingly hired an illegal alien because the employer now asserts that an illegal alien is not entitled to work at all.

## E. Necessary Party

Defendants assert that Monica Garcia actually employed plaintiff with respect to the care giver services and that, therefore, she must be joined as a necessary party to the claim.

Defendants are not precluded from asserting they did not employ plaintiff for the care giver services in the absence of Garcia as a party. There is no risk of an inability to grant complete relief or a risk of inconsistent rulings/obligations in this case. If the facts demonstrate, after appropriate discovery, that this action should be consolidated with Garcia v. Curtright, Civil No. 6:11-6407, defendants may seek to do so at an appropriate stage in the proceedings.

CONCLUSION

For the reasons stated above, defendants' motion to dismiss (#5) is granted in part and denied in part as noted above. Plaintiff shall submit an amended complaint within thirty days of the date of this order.

IT IS SO ORDERED.

DATED this _____9th_____ day of November, 2012.

_____
Ann Aiken
United States District Judge

11 - OPINION AND ORDER